■ In the Matter of BOARD OF EDUCATION OF THE BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT, Appellant, v ASSOCIATION OF BUILDING ADMINISTRATORS AND SUPERVISORS OF BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT, Respondent.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered March 29, 1978, which denied the petition and directed the parties to proceed to arbitration. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Gibbons at Special Term. Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Project Known as the Staten Island Industrial Park, in the Borough of Richmond. FRED P. GOLDHIRSH, Appellant.—In a condemnation proceeding, the claimant appeals from an order of the Supreme Court, Kings County, dated November 16, 1977, which granted petitioner's motion to (1) quash a subpoena duces tecum and (2) vacate a notice of deposition. Appeal dismissed, with $50 costs and disbursements payable to respondent. No appeal lies from an intermediate order in a condemnation proceeding brought under the Administrative Code (Administrative Code of City of New York, § B15-25.0; *Matter of City of New York [Cohan]*, 12 AD2d 745). Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.

■ In the Matter of CONGREGATION B'NAI ABRAHAM OF EAST FLATBUSH, INC., Respondent. MURRAY ROSOFF et al., Appellants.—In a proceeding, *inter alia,* to obtain leave to sell real property pursuant to section 511 of the Not-For-Profit Corporation Law, the appeal is from an order of the Supreme Court, Queens County, dated July 9, 1979, which, *inter alia,* granted the petition. Order reversed, without costs or disbursements, and proceeding remitted to Special Term for a prompt hearing and determination as to whether the proposed sale price of the synagogue is adequate. Although on this record appellants' other allegations are meritless, a factual issue has been created by the conflicting appraisals as to the current market value of the synagogue property. Since neither appraisal deals properly with the valuation question and both are in conflict as to the actual worth of the property, an evidentiary hearing is required to resolve the issue. In view of the circumstances, the hearing should be held promptly. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.